**RICHLIN SECURITY SERVICE COMPANY, Appellant,**

v.

**Tom RIDGE, Secretary of Homeland Security, Appellee.**

No. 03–1344.

United States Court of Appeals, Federal Circuit.

DECIDED: May 14, 2004.

---

Gilbert J. Ginsburg, Principal Attorney, Washington, DC, for Appellant.

Reginald T. Blades, Jr., Principal Attorney, David M. Cohen, of Counsel, Washington, DC, for Appellee.

Before NEWMAN, LOURIE, and LINN, Circuit Judges.

LINN, Circuit Judge.

Richlin Security Service Company appeals from a decision of the Department of Transportation Board of Contract Appeals

awarding Richlin underpaid direct labor costs in the amount of $636,818.72, and finding Richlin entitled to be paid the amount of payroll taxes and workmen's compensation premiums for which it was actually liable. *Appeals of Richlin Sec. Serv. Co.*, 03–2 BCA ¶ 32,301, 2002 WL 31909212 (Dep't Transp. Bd. Contract App. 2002) (*"Richlin VI"*). Richlin challenges the Board's denial of the price-based reformation it sought, as well as the Board's denial of compensation for additional wage costs, administrative fees, penalties for late payment of taxes, overhead and general and administrative expenses, and profit.

The Board's reformation of the contract on the basis of Richlin's incurred costs was not an abuse of discretion. The Board's denial of the remainder of the compensation Richlin sought was neither fraudulent, arbitrary, capricious, so grossly erroneous as to necessarily imply bad faith, nor unsupported by substantial evidence. Accordingly, we *affirm* the decision of the Board.

## BACKGROUND

Richlin is a small business that provided short-term guard services for detainees of the Immigration and Naturalization Service ("INS") at the Los Angeles International Airport. Richlin won a series of contracts to provide these services beginning in April 1990. *Richlin VI*, slip op. at 2. From 1991–94, the contract's were premised on the assumption that the services provided were properly classified as "Guard I" under the Service Contract Act classification scheme. *Id.* In April 1995, the guards were reclassified as "Guard II" in a follow-on contract; this classification was assigned a higher pay rate. *Id.*, slip op. at 3. In January 1996, the Department of Labor determined that the "Guard II" classification should have been used in all of the contracts. *Id.*

Richlin then filed a certified claim for over $1.5 million. The contracting officer denied the claim in June 1996. *Id.* The Board found that the parties had made a mutual mistake of fact in the original classification, resulting in back wage liability for Richlin, and that reformation was the appropriate remedy. *Appeal of Richlin Sec. Serv. Co.*, 98–1 BCA ¶ 29,651, 1998 WL 151064 (Dep't Transp. Bd. Contract App.1997) (*"Richlin I"*). This court affirmed. *Meissner v. Richlin Sec. Serv. Co.*, 155 F.3d 566, 1998 WL 228175 (Fed. Cir.1998) (unpublished table decision) (*"Richlin II"*). In September 1998, Richlin and Labor executed an agreement providing that Richlin's ex-employees were due back wages totaling $636,818.72, which was to be paid by the INS via an escrow account maintained by Richlin's counsel, and that the agreement "liquidated and satisfied" the obligations to Richlin's employees. *Appeal of Richlin Sec. Serv. Co.*, 99–1 BCA ¶ 30,219, 1999 WL 25169 (Dep't Transp. Bd. Contract App.1999) (*"Richlin III"*). Richlin then filed a request for the Board to complete reformation; the Board declined, on the ground that the agreement was not "the equivalent of Richlin actually discharging its back wage liability to some or all of its former employees prior to seeking reimbursement." *Id.*, slip op. at 8.

On appeal, this court reversed and remanded, holding that it was unnecessary for Richlin to first pay its employees before the INS supplied the back wages. *Richlin Sec. Serv. Co. v. Rooney*, 18 Fed. Appx. 843 (Fed.Cir.2001) (*"Richlin IV"*). On remand, the Board initially awarded Richlin the amount of back wages set forth in the Richlin–Labor agreement. *Appeal of Richlin Sec. Serv. Co.*, 02–2 BCA ¶ 31,876, 2002 WL 1042294 (Dep't Transp. Bd. Contract App.2002) (*"Richlin V"*). The Board then rejected Richlin's attempt to reform the contract on a price basis, and

rejected the award of overhead costs, profit, payroll administration costs, or penalties for late payment on the payroll taxes on the additional back wages, as well as an additional amount of back wages that Richlin sought. *Richlin VI*, slip op. at 16–21. The Board did, however, conclude that Richlin would be entitled to the additional payroll taxes and workmen's compensation premiums owed on the back wages once Richlin actually paid those taxes and premiums. *Id.*, slip op. at 18–19.

## ANALYSIS

### A. Price–Based Reformation

Richlin contends on appeal that the Board should have reformed the contract on a price basis using "actual contract prices arrived at at arm's length." Specifically, Richlin proposes that reformation be based on a comparison of the price set out in the 1995 follow-on contract (at Guard II rates) with the price of the final period of the previous contract (at Guard I rates). Because the ratio of Guard II to Guard I contract prices was 175.33%, Richlin argues, this ratio should be applied retroactively to all of the contracts. The Board rejected this argument on the ground that

> this method does not take into consideration the fact that the unit prices for both the Guard I and Guard II services included substantial mark-ups. Therefore, adding the 75.33% price differential to the Guard I prices may result in an unwarranted increase in markup, including fixed expense and profit. There is nothing in the record demonstrating that the rates appellant charged for Guard I services pursuant to the disputed contracts and for Guard II services in

the subsequent contract did not fully compensate it for all of its direct and indirect costs.

*Richlin VI*, slip op. at 16.

■ We agree with the Board's analysis. Richlin effectively seeks to apply the percentage increase in wages to the other items of cost and profit in the earlier contracts. Richlin has not shown any grounds for concluding that the contracts the parties would have made had they properly classified the guard positions would have included this higher measure of costs and profits for Richlin. The Board did not abuse its equitable discretion in declining to reform the contracts on this basis.

### B. Cost–Based Reformation

#### 1. Additional Direct Labor Costs

■ Richlin argues that the $636,818.72 in back wages set forth in the Richlin–Labor agreement and awarded by the Board was inadequate to fully compensate its employees. Specifically, Richlin seeks $303,600 in additional wages so that it can pay all of its employees the full difference between Guard I and Guard II wages, including more experienced employees who were paid at a level above Guard I wages originally.[1] The Board rejected this amount because "[t]here was no contract requirement for [the INS] to assume financial responsibility for voluntary wage increases over the SCA minimum rates.... [T]o the extent appellant voluntarily paid wage increases, appellant was required to absorb them." *Richlin VI*, slip op. at 18. Richlin argues that payment is appropriate "to properly treat its employees and to not penalize its more experi-

---

1. The Board also denied $24,800 that Richlin sought in back wages for its owner, on the basis that owners are not covered by the Service Contract Act. *Richlin VI*, slip op. at 18. Richlin makes no argument·on appeal that this was erroneous, but the total direct labor costs it seeks on appeal apparently still include this $24,800. To the extent that Richlin has not waived the issue, we affirm the Board's disposition.

enced employees with greater longevity and knowledge." We agree with the Board. Richlin's fairness rationale is an insufficient basis on which to require the INS to bear the cost of back wages in excess of the mandated Guard II rate.

### 2. Other Cost Items

Richlin also seeks compensation for a number of other costs and fees that were denied by the Board. These are listed below. In each case, the Board's denial of the amounts Richlin seeks was not fraudulent, arbitrary, capricious, so grossly erroneous as to necessarily imply bad faith, or unsupported by substantial evidence.

■ There is no basis for an award of additional overhead or general and administrative expenses in this case. Richlin performed no additional services, nor did it incur any additional costs other than the increased wages. There are simply no additional overhead or administrative expenses for which Richlin should be compensated. Furthermore, we will not assume in the absence of proof that Richlin would have made any additional profit if the contracts had been based on the Guard II rate.

■ The Board denied the administrative costs Richlin sought on the ground that Richlin's employees were not required to undertake efforts to locate former employees, and the escrow services provided by Richlin's counsel were voluntary. *Richlin VI,* slip op. at 19. Richlin argues that it has incurred actual payroll expenses of $28,819. However, it fails to explain why the INS should have to bear these costs, particularly given that the Richlin–Labor agreement is silent as to which party is to bear the costs of the escrow services. On this record, we see no reason to burden the government with the costs of escrow services provided by Richlin's counsel.

■ Finally, the Board rejected the amount Richlin sought in order to pay IRS penalties on late payment of payroll taxes, because Richlin would not have incurred those penalties if it had not prematurely paid the back wages at the request of former Richlin employees. *Id.* at 20. We agree. Richlin sought and received an amount corresponding to the back wages owed, and began paying out those back wages before clarifying how the employer's share of payroll taxes was to be paid. Any penalties owed are a direct result of Richlin's decision to begin paying out the back wages prematurely, and we decline to require the government to bear the resulting costs.

### 3. Further Proceedings

This is the third panel of this court to consider some aspect of this protracted litigation. It now appears that the only remaining issues outstanding are the amount of Richlin's liability for workmen's compensation premiums and payroll taxes, for which the government agrees Richlin is entitled to be compensated. We trust that the government will work diligently with Richlin to expedite the conclusion of this matter once Richlin has submitted its final proofs of liability.

### CONCLUSION

Because the Board's reformation of the contract on the basis of Richlin's incurred costs was not an abuse of discretion, nor was its denial of the remainder of the compensation Richlin sought either fraudulent, arbitrary, capricious, so grossly erroneous as to necessarily imply bad faith, or unsupported by substantial evidence, we affirm the decision of the Board.